United States District Court
Southern District of Texas

**ENTERED**

July 09, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| GERARDO OVIEDO TORRES, | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00063 |
| PAMELA JO BONDI, *et al.,* | § | |
| *in their official capacities,* | § | |
| "Respondents." | § | |
| | § | |

## ORDER

Before the Court is "Petitioner's Renewed Emergency Motion to Supplement the Record, for Expedited Ruling, and For Immediate Habeas Relief or Evidentiary Hearing" (Dkt. No. 14) ("Motion"). Finding good cause, the Motion (Dkt. No. 14) is **GRANTED in part** and **DENIED** as to all other requested relief not expressly granted herein.

To supplement the Court's review of Petitioner's prolonged detention claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), Respondents are **ORDERED** to file a status update which includes—but is not limited to—custody review developments under 8 C.F.R. §§241.4 and 241.13 and the progress of ongoing third country removal efforts. Respondents must submit said status report no later than **July 16, 2026**. Should Petitioner wish to respond to Respondents' status report, he must do so no later than **July 20, 2026, at 5:00 pm, CST**. Respondents are encouraged to submit any documents in support of their position that detention under 8 U.S.C. § 1231 remains within constitutional limits.

The Court further encourages Respondents to construe Petitioner's habeas petition as a written request for release under 8 C.F.R. § 241.13(d) and to begin custody review under 8 C.F.R. § 241.13 accordingly. *See Singh v. Gonzalez*, No. CIV.A. H-05-4361, 2006 WL 6584615 (S.D. Tex. Feb. 17, 2006) (directing respondents to "treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13"). If review under 8 C.F.R. § 241.13 does not occur, the Court will bear in mind that a determination under 8 C.F.R. § 241.4 for the 180-day custody review necessarily includes a determination that there is no "substantial reason to believe that the removal of a detained alien is not significantly likely in the reasonably

foreseeable future." 8 C.F.R. § 241.4(i)(7). Failure to conduct custody review under 8 C.F.R. § 241.4 180 days after the beginning of the removal period may implicate constitutional concerns. *See, e.g.*, *Bonitto v. Bureau of Immigr. & Customs Enf't*, 547 F. Supp. 2d 747, 758 (S.D. Tex. 2008); *Misirbekov v. Venegas*, No. 1:25-cv-00168, 2025 WL 3033732 (S.D. Tex. Oct. 29, 2025).

      SIGNED this July 9, 2026

                              Rolando Olvera
                              United States District Judge