United States District Court
Southern District of Texas

**ENTERED**
August 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

GERARDO OVIEDO TORRES,            §
    "Petitioner,"            §
               §
v.            §
               §   Civil Action No. 1:26-cv-00063
PAMELA JO BONDI, *et al.,*            §
*in their official capacities,*            §
    "Respondents."            §
               §

## ORDER

Before the Court is Petitioner's "Emergency Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 10) ("MSJ"), "Petitioner's Response in Opposition to Respondents' Motion for Summary Judgment and Reply in Support of Petition for Writ of Habeas Corpus" (Dkt. No. 12) ("Reply"), and Respondents' "Status Report" (Dkt. No. 19). For these reasons, the Petition (Dkt. No. 1) is hereby **GRANTED**.

## I.     BACKGROUND

Petitioner is a citizen and native of Mexico who has resided in the United States since 2008. Dkt. No. 1 at 3. On March 12, 2013, an Immigration Judge ("IJ") ordered Petitioner removed to Mexico but withheld his removal under 8 U.S.C. § 1231(b)(3). Dkt. No. 10 at 3.

On January 8, 2026,[1] U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner and transferred him to the Port Isabel Processing Center, where he remains detained. Dkt. No. 1 at 4; *see also* Dkt. No. 10-1 at ¶ 3. Since detaining him, Respondents have submitted removal requests to Guatemala, Brazil, Colombia, El Salvador, and Ecuador, asking each to accept Petitioner's removal. *See* Dkt. No. 10-1 at 2-4.

---

[1] The parties disagree on whether Petitioner was taken into custody on January 5, 2026, or January 8, 2026. *See* Dkt. No. 1 at 4; Dkt. No. 10 at 4. This seems to be the case in part because the "Declaration of Deportation Officer Travis Menchaca" (Dkt. No. 10-1) is inconsistent on this point; it declares both January 5 and January 8 as the date of initial detention. Dkt. No. 10-1 at ¶¶ 3, 10. The Court agrees with Petitioner that "this discrepancy is not material to the ultimate constitutional issue [,]" Dkt. No. 12 at 3, and accordingly, considers the detention period as having commenced on January 8, 2026.

1

On July 31, 2026, Respondents filed a status report representing that each of these countries has either denied or not yet responded to ICE's third-country removal requests. *See* Dkt. No. 19.

## II.    DISCUSSION

Petitioner is entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his detention is no longer presumptively reasonable and there is no significant likelihood of removal in the reasonably foreseeable future.

### A.    PETITIONER HAS BEEN DETAINED BEYOND THE PRESUMPTIVELY REASONABLE 6-MONTH PERIOD.

When an alien has been ordered removed, 8 U.S.C. § 1231 ("§ 1231") requires the Attorney General to remove him from the United States within a period of 90 days. 8 U.S.C § 1231(a)(1). During this 90-day "removal period," the alien must be detained. 8 U.S.C. § 1231(a)(2).

If an alien has not been removed within the 90-day period, detention shifts from § 1231(a)(2) to § 1231(a)(6), under which the government "may" prolong detention "beyond the removal period." 8 U.S.C. § 1231(a)(6). But § 1231(a)(6) does not give the government license to detain indefinitely. In *Zadvydas,* the Supreme Court limited detention to a period "reasonably necessary to bring about [the] alien's removal from the United States." *Zadvydas,* 533 U.S. at. 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699 (citations omitted). To facilitate "uniform administration in federal courts," the Supreme Court recognized a 6-month "presumptively reasonable period of detention." *Id*. at 701. If a petitioner seeks release from detention during the presumptively reasonable 6-month period, his claim is premature. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Here, the removal order became final on November 10, 2025, while the detention period began on or around January 8, 2026. Dkt. No. 10-1 at ¶¶ 2, 10. As a result, the 6-month presumptive period has lapsed, and Petitioner's detention is no longer presumptively reasonable.

**B.** <u>**THERE IS GOOD REASON TO BELIEVE THAT THERE IS NO SIGNIFICANT LIKELIHOOD OF REMOVAL IN THE REASONABLY FORESEEABLE FUTURE.**</u>

The Court finds that Petitioner has established  good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents have failed to rebut that showing

Once detention is no longer presumptively reasonable, the alien must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Only after such a showing does the burden shift to the government, who must "respond with evidence sufficient to rebut that showing" or release the alien. *Id.*

Petitioner has met his burden. Petitioner argues that his valid withholding of removal means Respondents must either terminate said protection or identify a feasible third-country removal plan. Dkt. No. 1 at 5. The Court is persuaded that Respondents have accomplished neither since detaining Petitioner over 6 months ago. *See* Dkt. Nos. 19 & 20. Initially, Respondents targeted third-country removal efforts to Guatemala, Brazil, Colombia, and Ecuador, but by March 25, 2026, all four countries had declined to accept Petitioner. Dkt. No. 10-1 at ¶¶ 14-22. Respondents also sought approval to remove Petitioner to El Salvador on March 10, 2026, but the record suggests that request remains outstanding. *Id.* ¶ 18; *see also* Dkt. No. 19 at 1. For these reasons, the Court finds Petitioner met his initial burden to show that there is no significant likelihood of removal in the reasonably foreseeable future.

Respondents do not rebut Petitioner's showing. Respondents' Status Report instead withdraws its earlier representation of an imminent plan to remove Petitioner, acknowledges that all its third country removal requests have been denied or remain outstanding, and concedes that "there are no imminent plans to remove Petitioner." Dkt. No. 19 at 1. The Court considers Respondents' representations insufficient to rebut Petitioner's showing as to the likelihood of removal.

Given Respondents' previous inability to effect Petitioner's removal, and their failure to offer a concrete path toward removal, the Court concludes that Petitioner has established good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future and Respondents have failed to rebut that showing.

## III.    <u>CONCLUSION</u>

For these reasons, the Petition (Dkt. No. 1) is hereby **GRANTED**. Respondents are **ORDERED** to release Petitioner subject to supervision and to provide a status report confirming such release.

The Court further **DENIES as moot** (1) Respondents' MSJ (Dkt. No. 10) and (2) "Petitioner's Motion for Leave to Conduct Limited Discovery and For Expedited Production of Third-Country Removal Records" (Dkt. No. 13).

Signed on this 5th day of August 2026.

Rolando Olvera
United States District Judge